UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF THE TREASURY, <br> 1500 Pennsylvania Avenue NW <br> Washington, DC 20220 <br><br> *and* <br><br> U.S. INTERNATIONAL DEVELOPMENT <br> FINANCE CORPORATION, <br> 1100 New York Avenue, NW <br> Washington, DC 20527 <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 22-cv-03026 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of the Treasury and the U.S. International Development Finance Corporation under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

1

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of the Treasury ("Treasury") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. International Development Finance Corporation ("DFC") is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), and is

headquartered in Washington, DC. DFC has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

8. On July 27, 2022, American Oversight submitted two FOIA requests, one each to Treasury and DFC, seeking records with the potential to shed light on trips taken at the end of the Trump Administration by then Treasury Secretary Steven Mnuchin and then Advisor to the President Jared Kushner.

9. American Oversight's FOIA request to Treasury, bearing internal tracking number TREAS-22-0751, seeks three categories of records, as follows:

> 1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) and text messages or messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, Twitter direct messages, Facebook messages, WhatsApp, Signal, Telegram, or Parler) sent by (i) Secretary of [the Treasury] Steven Mnuchin, (ii) Deputy Chief of Staff John Baylor Myers, or (iii) Deputy Chief of Staff Zachary McEntee during Mnuchin's January 5 – January 11, 2021 delegation to the Middle East.
>
> Please be sure to include communications generated with any communications device, including phones and laptop computers, provided to Treasury personnel on a temporary basis for foreign travel.
>
> In an effort to accommodate Treasury and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited its request to emails sent by the specified officials. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both Mnuchin's response to an email sent during the delegation and the initial received message are responsive to this request and should be produced.
>
> 2. Records of any agency expenditures including, but not limited to, records of any reimbursements submitted by or on behalf of the Treasury officials traveling on Mnuchin's January 5 – 11, 2021 delegation to the Middle East.
>
> Responsive records would include, but are not limited to, hotel or other lodging invoices or receipts; government-issued charge card or travel card reports; receipts from airlines, rental car, or other transportation companies;

3

cost of government transportation; meals; per diem payments; or cost of travel for any staff or security detail assigned to the agency official.

3. All itineraries or agendas for the Treasury officials traveling on Mnuchin's January 5 – January 11, 2021 delegation to the Middle East.

10. By email and attached letter dated August 5, 2022, Treasury acknowledged receipt of FOIA request TREAS-22-0751 and assigned it tracking number 2022-FOIA-00563.

11. As of the date of this Complaint, American Oversight has not received any further communication from Treasury regarding this FOIA request.

12. American Oversight's FOIA request to DFC, bearing internal tracking number DFC-22-0752, seeks three similar categories of records, as follows:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) and text messages or messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, Twitter direct messages, Facebook messages, WhatsApp, Signal, Telegram, or Parler) <u>sent</u> by Chief Executive of DFC Adam Boehler during any delegation to the Middle East led by or including Advisor to the President Jared Kushner, between November 2020 and January 2021. This includes, at a minimum, the following trips that have been reported in the media:

- A trip beginning November 30, 2020, to Saudi Arabi[a] and Qatar
- A trip beginning December 21, 2020, to Israel and Morocco

Please be sure to include communications generated with any communications device, including phones and laptop computers, provided to [DFC] personnel on a temporary basis for foreign travel.

In an effort to accommodate DFC and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited its request to emails <u>sent</u> by Boehler. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both Boehler's response to an email sent during the delegation and the initial received message are responsive to this request and should be produced.

2. Records of any agency expenditures including, but not limited to, records of any reimbursements submitted by or on behalf of the DFC officials traveling as part of any delegation to the Middle East led by or including

4

Advisor to the President Jared Kushner, between November 2020 and January 2021, including, but not limited to, the trips referenced above.

Responsive records would include, but are not limited to, hotel or other lodging invoices or receipts; government-issued charge card or travel card reports; receipts from airlines, rental car, or other transportation companies; cost of government transportation; meals; per diem payments; or cost of travel for any staff or security detail assigned to the agency official.

3. All itineraries or agendas for DFC officials traveling as part of any delegation to the Middle East led by or including Advisor to the President Jared Kushner, between November 2020 and January 2021, including, but not limited to, the trips referenced above.

13. By email and attached letter dated August 4, 2022, DFC acknowledged receipt of FOIA request DFC-22-0752 and assigned it tracking number 22-033. DFC categorized the FOIA request as a "simple" request.

14. As of the date of this Complaint, American Oversight has not received any further communication from DFC regarding this FOIA request.

*Exhaustion of Administrative Remedies*

15. As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

17. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. American Oversight properly requested records within the possession, custody, and control of Defendants.

19. Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

20. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

21. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

22. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendants.

25. Defendants are agencies subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

26. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

27. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

28. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

29. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 6, 2022                     Respectfully submitted,

*/s/ Taylor Stoneman*
Taylor Stoneman
D.C. Bar No. 888155721
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1319
taylor.stoneman@americanoversight.org

*Counsel for Plaintiff*